UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES STEWART, WES MARTINSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY DISTRICT COURT, *et al.*,<br><br>Defendants. | NO. CV-05-256-RHW<br><br>**ORDER DENYING PLAINTIFFS' AMENDED MOTION OF REQUEST AND/OR FOR CERTIFIED OF ACTION AS A CLASS** |

Before the Court is Plaintiffs' Motion of Request and/or for Certified of Action as a Class (Ct. Rec. 143). The motion was heard without oral argument.

Having reviewed the pleadings and supporting documents submitted, as well as the records and files herein, and after considering the evidence and arguments of the parties, the Court makes the following findings:

The Plaintiffs who filed the present motion failed to satisfy the requirements of Fed. R. Civ. P. 23(a) or (b). In particular:

1. There is no information or evidence describing the members the Plaintiffs intend to include in their proposed class, nor is there any information or evidence that would allow this Court to determine how class members could be identified or determined.

2. There is no information or evidence that members of the proposed class are so numerous that joinder would be impractical. Plaintiffs did not meet their burden under Fed. R. Civ. P. 23(a)(1).

**ORDER DENYING PLAINTIFFS' AMENDED MOTION OF REQUEST AND/OR FOR CERTIFIED OF ACTION AS A CLASS ~ 1**

1       3.    There are not questions of law or fact common to the named Plaintiffs in this lawsuit or members of any discernable class. Plaintiffs did not meet their burden under Fed. R. Civ. P. 23(a)(2).

      4.    The individual claims brought by each Plaintiff are not representative of those brought by the other named Plaintiffs, nor are they representative or typical of claims for any discernable class. Plaintiffs did not meet their burden under Fed. R. Civ. P. 23(a)(3).

      5.    None of the Plaintiffs in this lawsuit are represented by counsel. Moreover, not all of the named Plaintiffs have chosen to join this motion. In addition, the pleadings filed by Plaintiffs are nebulous, and at times, undecipherable. Plaintiffs do not have the level of skill, knowledge, or experience with basic procedural or evidentiary rules, or the substantive areas of the law concerning the claims they have advanced. The named Plaintiffs are not able to fairly or adequately protect the interests of the class. Plaintiffs did not meet their burden under Fed. R. Civ. P. 23(a)(4).

      6.    The present lawsuit consists of a collection of individual claims brought by individual Plaintiffs. These individual claims do not rise from a common transaction, occurrence, or event. The claims are individual to these named Plaintiffs alone. Plaintiffs have not presented any questions of law or fact common to members of the class. Based on these reasons, as well as findings 2-5 above, a class action is not a fair or efficient means for adjudicating this controversy. Plaintiffs did not meet their burden under Fed. R. Civ. P. 23(b)(3). The Court notes that this is the second motion for class certification filed by Plaintiffs. The motion was filed less than a week after the Court denied Plaintiff's first motion. At the same time, Plaintiffs also filed a Motion/Request and Demand for Discovery and Productions of All Documents and Other Tangible Things. This is the seventh such request. The Court has denied all previous discovery motions filed by Plaintiffs.

**ORDER DENYING PLAINTIFFS' AMENDED MOTION OF REQUEST AND/OR FOR CERTIFIED OF ACTION AS A CLASS ~ 2**

1  Fed. R. Civ. P. 26(a) sets forth the required disclosures that must be
2  provided by each party.  None of the requested discovery falls within these
3  categories.  In addition, Fed. R. Civ. P. 26(c) allows the Court to fashion protective
4  orders that protect individuals from annoyance, embarrassment, oppression, or
5  undue burden or expense.  Finally, Fed. R. Civ. P. 26(g)(2) states that every
6  discovery request must be signed by the individual, if unrepresented, and such
7  signature constitutes a certification that to the best of the signer's knowledge,
8  information, and belief, formed after a reasonable inquiry, the request, response, or
9  objection is: (A) consistent with the Fed. R. Civ. P. and warranted by existing law
10 or a good faith argument for the extension, modification, or reversal of existing
11 law; (B) not interposed for any improper purpose, such as to harass or to cause
12 unnecessary delay or needless increase in the cost of litigation; and (C) not
13 unreasonable or unduly burdensome or expensive, given the needs of the case, the
14 discovery already had in the case, the amount of controversy, and the importance
15 of the issues at stake.  Fed. R. Civ. P. 26 (g)(3) goes on to state that if the
16 certification is made without substantial justification in violation of Rule 26, the
17 Court may impose sanctions, which may include an order to pay the amount of the
18 reasonable expense incurred because of the violation, including a reasonable
19 attorney's fee.

   Plaintiffs' discovery requests asks for an extensive amount of discovery:
20 summons and complaints, service records, documents that have been promoted
21 against any of the named Plaintiffs, past stipulations, public disclosure requests,
22 depositions, employment records, evaluations, letters, memos, e-mails, federal tax
23 returns for the past five years, records of violations of oaths, records of abuses of
24 office, all records of violations of due process, all records of lack of proper
25 investigations, lack of due diligence, and all names of individuals whom have care,
26 custody and/or control of any of the requested discovery.

27    Plaintiffs' request and demand for discovery is unreasonably cumulative and
28

**ORDER DENYING PLAINTIFFS' AMENDED MOTION OF REQUEST
AND/OR FOR CERTIFIED OF ACTION AS A CLASS ~ 3**

duplicative. Plaintiffs ask for evidence that can be obtained from other sources that are more convenient, less burdensome, and less expensive. Moreover, the requested materials cannot be reasonably calculated to lead to the discovery of admissible evidence.

In reviewing the docket, it is apparent that Plaintiffs are abusing the civil process. They have filed numerous motions that are meritless. They have failed to follow the local rules and the Federal Rules of Civil Procedure. The result is that Defendants have had to spend numerous hours responding to frivolous motions, all at the public expense. Accordingly, it is necessary to impose a protective order that limits Plaintiffs' ability to file motions in the above-captioned case, and protects Defendants from having to respond to frivolous and meritless motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs must seek leave of the Court prior to filing any pretrial motions. Defendants are not required to respond to any pretrial motions filed by Plaintiffs unless directed by the Court.

2. Plaintiffs' Amended Motion to Certify Class (Ct. Rec. 143) is **DENIED**.

2. Plaintiffs' Motion for Discovery (Ct. Rec. 142) is **DENIED**.

3. Defendants' Motions for Joinder (Ct. Rec. 159, 160, 161, 162) are **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs.

**DATED** this 15th day of September, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Stewart\deny.class2.wpd

**ORDER DENYING PLAINTIFFS' AMENDED MOTION OF REQUEST AND/OR FOR CERTIFIED OF ACTION AS A CLASS ~ 4**