UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT JAMES STEWART, WES MARTINSON, *et al.,*

Plaintiffs,

v.

CHELAN COUNTY DISTRICT COURT, *et al.,*

Defendants.

NO. CV-05-256-RHW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court are the State Defendants' Motion to File Over Length Brief and Motion for Summary Judgment (Ct. Rec. 179) and the Wenatchee Defendants' Motion for Summary Judgment (Ct. Rec. 199). The motions were heard without oral argument.

## BACKGROUND

On August 23, 2005, Plaintiffs filed suit against Adams County; Adams County District Court; Cashmere City Counsel Members; City of Cashmere; Chelan County; Chelan County Commissioners; Chelan County District Court; Chelan County PUD # 1; Chelan County Prosecutor's Officer; Chelan County Sheriff's Office; Chelan County Superior Court; Police Officers for the City of East Wenatchee; Police Officers for the City of Quincy; Police Officers for the City of Wenatchee; Columbia County; Columbia County Sheriff; Douglas County; Douglas County District Court; Douglas County Sheriff's Deputies; Douglas County Superior Court; City of East Wenatchee; Franklin County; Franklin County

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

District Court; Franklin County Sheriff; Grant County; Grant County District Court; Grant County Superior Court; Lincoln County; Lincoln County Sheriff Deputy; Municipal Court for the City of Quincy; City of Quincy; Walla Walla County; and City of Wenatchee, as well as against individually-named employees of the above-listed entities. On September 19, 2005, the Court granted Plaintiffs leave to find an Amended Complaint. On October 4, 2005, Plaintiff filed an Amended Complaint. On November 21, 2005, the Court ordered Plaintiffs to file a Second Amended Complaint. On April 17, 2005, Plaintiffs filed a Second Amended Complaint.

## DISCUSSION

**A.   Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.    The State Defendants' Motion for Summary Judgment**

For the following reasons, the State Defendants' Motion for Summary Judgment is granted.

First, the claims against Gary Weeks, Liz Luce, Fred Stephens, Robyn Arnold-Williams, Bryon Martin, and Steven Morehead are dismissed because Plaintiff has failed to establish that there is a genuine issue of material fact regarding whether these Defendants personally participated in any alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Second, the claims against the State of Washington or the State Defendants acting in their official capacity are dismissed because neither the State nor its officials are "persons" subject to suit under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).

Third, Plaintiffs have failed to establish that there is a genuine issue of material fact regarding whether the State Defendants violated their constitutional rights.  *Saucier v. Katz*, 533 U.S. 194, 204 (2001).

Fourth, Plaintiffs have failed to establish that there is a genuine issue of material fact that any material interaction between the State Defendants and Plaintiff took place less than three years prior to the filing of this lawsuit. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the limitation period for § 1983 claims is determined by the state statute of limitations); Wash. Rev. Code § 4.16.080 (3-year statute of limitation for personal injury).

Finally, to the extent that Plaintiffs are relitigating claims or issues decided in the state court proceedings, dependency orders, traffic infractions, and workers' compensation decisions, the doctrine of *res judicata* precludes Plaintiff from

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

relitigating these issues in federal court. *Mpoyo v. Litton Electric-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (*Res judicata* applies when "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.")

**C.    Wenatchee Defendant's Motion for Summary Judgment**

For the following reasons, the Wenatchee Defendants' Motion for Summary Judgment is granted.

First, Plaintiffs have failed to establish there is a genuine issue of material fact regarding whether the Wenatchee Defendants participated in any alleged trespass on Plaintiffs' property.

Second, Plaintiffs have failed to establish there is a genuine issue of material fact regarding whether the Wenatchee Defendants falsely arrested or imprisoned any specifically-named Plaintiffs, or that their claims fall within the statute of limitations period. *See* Wash. Rev. Code § 4.16.100 (statute of limitations for action for false imprisonment is two years).

Third, the section 1983 claims against Defendant City of Wenatchee are dismissed because Plaintiffs have failed to establish there is a genuine issue of material fact that any alleged constitutional violation was the result of a policy or custom. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

Fourth, Plaintiffs have failed to establish there is a genuine issue of material fact regarding whether the Wenatchee Defendants violated their constitutional rights. *Katz*, 533 U.S. at 202.

**D.    Supplemental Jurisdiction**

Because the Court concludes that Plaintiffs have failed to establish that a genuine issue of material exists regarding whether the state Defendants or the Wenatchee Defendants violated their constitutional rights, the Court declines to exercise its supplemental jurisdiction over any remaining state claims. *See* 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4**

(1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, **IT IS HEREBY ORDERED**:

1. The State Defendants' Motion to File Over Length Brief and Motion for Summary Judgment (Ct. Rec. 179) is **GRANTED**. The following Defendants are dismissed from the above-captioned case: Tim Abbey, Robyn Arnold-Williams, Kate Carrow, Kate Carrol, Brent Dearing, Larry Lesmeister, Liz Luce, Bryon Martin, Steven Moorehead, John Doe ("Jim") Moser, Davis Richmond, Fred Stephens, Michael Walcker, and Gary Weeks.

2. The Wenatchee Defendants' Motion for Summary Judgment (Ct. Rec. 199) is **GRANTED**. The following Defendants are dismissed from the above-captioned case: City of Wenatchee and City Police Officers of City of Wentachee.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs.

**DATED** this 5th day of January, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Stewart\grantdismiss.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 5