UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES STEWART,<br>WES MARTINSON, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY DISTRICT<br>COURT, *et al.,*<br><br>Defendants. | NO.  CV-05-256-RHW<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT** |

Before the Court are the Lincoln County and Other Defendants' Motion for Summary Judgment (Ct. Rec. 220) and Motion to Dismiss Claim for Plaintiff Estate of Glo H. Stewart (Ct. Rec. 211); Public Utility District No. 1 of Chelan County's Motion for Summary Judgment (Ct. Rec. 225); Defendants Adams County and Adams County District Court's Motion for Summary Judgment (Ct. Rec. 230); Franklin County Defendants' Motion for Summary Judgment (Ct. Rec. 236); and Plaintiff's Motion for Possible Removable of Alleged State Defendants to State Court and Challenge of City of Wen's Motion (Ct. Rec. 216).  The motions were heard without oral argument.

**BACKGROUND**

On August 23, 2005, Plaintiffs filed suit against Adams County; Adams County District Court; Cashmere City Counsel members; City of Cashmere; Chelan County; Chelan County Commissioners; Chelan County District Court; Chelan County PUD # 1; Chelan County Prosecutor's Officer; Chelan County

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

Sheriff's Office; Chelan County Superior Court; Police Officers for the City of East Wenatchee; Police Officers for the City of Quincy; Police Officers for the City of Wenatchee; Columbia County; Columbia County Sheriff; Douglas County; Douglas County District Court; Douglas County Sheriff's Deputies; Douglas County Superior Court; City of East Wenatchee; Franklin County; Franklin County District Court; Franklin County Sheriff; Grant County; Grant County District Court; Grant County Superior Court; Lincoln County; Lincoln County Sheriff Deputy; Municipal Court for the City of Quincy; City of Quincy; Walla Walla County; and City of Wenatchee, as well as against individually-named employees of the above-listed entities.  On September 19, 2005, the Court granted Plaintiffs leave to file an Amended Complaint.  On October 4, 2005, Plaintiff filed an Amended Complaint.  On November 21, 2005, the Court ordered Plaintiffs to file a Second Amended Complaint.  On April 17, 2005, Plaintiffs filed a Second Amended Complaint.

On January 5, 2007, the Court granted the State Defendant's Motion for Summary Judgment and granted the City of Wenatchee and City Police Officers of City of Wentachee's Motion for Summary Judgment (Ct. Rec. 215).

### DISCUSSION

### A.    Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  The moving party had the initial burden of showing the absence of a genuine issue of fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party meets it initial burden, the non-

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.    Failure of Plaintiffs to Respond**

Plaintiffs failed to respond to the pending motions. Pursuant to LR 7.1(h)(5), a failure to timely file a memorandum of points and authorities in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. The Court considers Plaintiffs' failure to respond as consent to the granting of summary judgment.

**C.    Lincoln County and Other Defendants' Motion for Summary Judgment**

For the following reasons, the Lincoln County and Other Defendants' Motion for Summary Judgment is granted.

First, the individuals being sued in the action who are government officials are entitled to qualified immunity. Plaintiffs have not established that these individuals have violated clearly established constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 204 (2001).

Second, Plaintiffs have failed to establish that there is a genuine issue of material fact that any material interaction between the Lincoln County and other

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

Defendants took place less than three years prior to the filing of this lawsuit. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the limitation period for § 1983 claims is determined by the state statute of limitations; Wash. Rev. Code § 4.16.080 (3-year statute of limitations for personal injury).

Third, to the extent that Plaintiffs are relitigating claims or issues decided in the state court proceedings, dependency orders, traffic infractions, and workers' compensation decisions, the doctrine of *res judicata* precludes Plaintiff from relitigating these issues in federal court. *Mpoyo v. Litton Electric-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (*Res judicata* applies when "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.")

Fourth, the Grant County District Court, the Grant County Superior Court, and the Municipal Court of the City of Quincy are entitled to absolute immunity. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). There is nothing in the record that indicates the court acted "in the clear absence of all jurisdiction." *Id.*

Finally, the section 1983 claims against Defendants Lincoln County, Grant County, City of Cashmere, City of East Wenatchee, and the City of Quincy are dismissed because Plaintiffs have failed to establish there is a genuine issue of material fact that any alleged constitutional violation was the result of a policy or custom. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

Moreover, Plaintiffs have failed to provide any factual support for any of their allegations against the Lincoln County and other Defendants. As such, summary judgment with regard to the all of the claims asserted against the following Defendants is appropriate: Lincoln County, Grant County, the City of Cashmere, Cashmere City Counsel members, the City of East Wenatchee, the City of Quincy, Allan Galbraith, Erik Bakke, Gordon Irle, Frank McWhirter [Frank Mcwither], Michelle Taylor, Jon Skoglun, Barbara Wolff, Bruce W. Moses, Randyl Webb, Dean T. Falteisek, George Valison, Jerry Lane, current or former

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4**

Lincoln County Sheriff's Department deputies, and city police officers of the City of East Wenatchee and the City of Quincy, Grant County District Court, Grant County Superior Court, and the Municipal Court of the City of Quincy.

**D.    Public Utility District No. 1 of Chelan County's Motion for Summary Judgment**

For the following reasons, Defendant Public Utility District No. 1 of Chelan County's Motion for Summary Judgment is granted.

First, Plaintiffs have failed to state a claim against Defendant Public Utility District of No. 1 of Chelan County in that Plaintiffs have failed to reference the District in the body of the Complaint or in any subsequently filed Amended Complaint.

Second, Plaintiffs have failed to state specific facts in support of their constitutional claims which deprives this Court of original subject matter jurisdiction over the District.  28 U.S.C. § 1331.

**E.    Adams County and Adams County District Court's Motion for Summary Judgment**

For the following reasons, Defendants Adams County and Adams County District Court's Motion for Summary Judgment is granted.

First, Plaintiffs have failed to establish there is a genuine issue of material fact regarding whether the Adam's County Defendants falsely arrested or imprisoned any specifically-named Plaintiffs, or that their claims fall within the statute of limitations period.  *See* Wash. Rev. Code § 4.16.100 (statute of limitations for action for false imprisonment is two years).

Second, Plaintiffs have failed to state specific facts in support of their constitutional claims which deprives this Court of original subject matter jurisdiction over the Defendants.

Third, the Adams County District Court is entitled to absolute immunity. *See Sadoski*, 435 F.3d at 1079.  There is nothing in the record to indicate that the court acted "in the clear absence of all jurisdiction."  *Id.*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**

Finally, the section 1983 claims against Defendant Adams County are dismissed because Plaintiffs have failed to establish there is a genuine issue of material fact that any alleged constitutional violation was the result of a policy or custom. *See Monell*, 436 U.S. at 692.

Moreover, Plaintiffs have failed to provide any factual support for any of their allegations against the Adams County Defendants. As such, summary judgment with regard to all of the claims asserted against the Adams County Defendants is appropriate.

**F.    Franklin County Defendants' Motion for Summary Judgment**

The Franklin County Defendants request permission to file an over-length memorandum; ask the Court to find its requests for admission admitted pursuant to Fed. R. Civ. P. 36, and ask the Court for an order granting summary judgment in their favor. For the following reasons, the Court grants the Franklin County Defendants' requests.

First, by failing to respond to Defendants' requests for admissions, Plaintiffs have admitted the following facts: (1) the Franklin County Defendants have not violated their constitutional rights; and (2) the Franklin County Defendants' conduct has not harmed them in any way. Based on these admissions, Plaintiffs have failed to state a claim against the Franklin County Defendants.

Second, Plaintiffs' Complaint and Amended Complaint fail to allege specific facts as to any action taken by the Franklin County Defendants, nor have they alleged specific dates or any facts pertaining to how the Franklin County Defendants may have caused harm to the Plaintiffs. As such, summary judgment with regard to all of the claims asserted against Franklin County, Franklin County Sheriff's Unknown Deputy, and Franklin County District Court is appropriate.

**G.    Supplemental Jurisdiction**

Because the Court concludes that Plaintiffs have failed to establish that a genuine issue of material exists regarding whether these Defendants violated their

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**

1  constitutional rights, the Court declines to exercise its supplemental jurisdiction

2  over any remaining state claims.  *See* 28 U.S.C. § 1367(c); *see also Carnegie-*

3  *Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which

4  all federal-law claims are eliminated before trial, the balance of factors to be

5  considered under the pendent jurisdiction doctrine— judicial economy,

6  convenience, fairness, and comity—will point toward declining to exercise

7  jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v.*

8  *Gibbs*, 383 U.S. 715, 726 (1966).

9  **H.     Defendant Lincoln County and Other Defendant's Motion to Dismiss
       Claim of Plaintiff Estate of Glo H. Stewart**

10       Defendants assert that the estate claim of Glo H. Stewart is being brought by

11  Donald Stewart, of Cashmere, who is not a lawyer licensed to practice law in the

12  state of Washington.  Mr. Stewart is not permitted to represent the Estate of Glo H.

13  Stewart on this action.  *See Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950,

14  951-52 (8th Cir. 2005) (interpreting 28 U.S.C. § 1654 as prohibiting a non-attorney

15  administrator of an estate from proceeding *pro se*).  Dismissal is the proper remedy

16  where a *pro se* plaintiff is purported to be representing the estate in litigating an

17  interest specific to the estate.  *Iannaccone v. Law*, 142 F.3d 553, 559 (2nd Cir.

18  1998).

19       Accordingly, **IT IS HEREBY ORDERED**:

20       1.     The Lincoln County and other Defendants' Motion for Summary

21  Judgment (Ct. Rec. 220) is **GRANTED**.  The following Defendants are dismissed

22  from the above-captioned cases: Lincoln County, Grant County, the City of

23  Cashmere, Cashmere City Counsel members, the City of East Wenatchee, the City

24  of Quincy, Allan Galbraith, Erik Bakke, Gordon Irle, Frank McWhirter [Frank

25  Mcwither], Michelle Taylor, Jon Skoglun, Barbara Wolff, Bruce W. Moses,

26  Randyl Webb, Dean T. Falteisek, George Valison, Jerry Lane, current or former

27  Lincoln County Sheriff's Department deputies, and city police officers of the City

28

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7**

of East Wenatchee and the City of Quincy, Grant County District Court, Grant County Superior Court, and the Municipal Court of the City of Quincy.

2.  Public Utility District No. 1 of Chelan County's Motion for Summary Judgment (Ct. Rec. 225) is **GRANTED**.

3.  The Adams County's and Adams County District Court's Motion for Summary Judgment (Ct. Rec. 230) is **GRANTED**.

4.  The Franklin County Defendants' Motion for Order to File Over-Length Memorandum, for Order Finding its Requests for Admission Admitted and for Summary Judgment (Ct. Rec. 236) is **GRANTED**.   The following Defendants are dismissed from the above-captioned case:   Franklin County, Franklin County District Court, and Franklin County Sheriff and Unknown Deputy.

5.  The Lincoln County and other Defendants' Motion to Dismiss Claim of Plaintiff Estate of Glo H. Stewart (Ct. Rec. 211) is **GRANTED**.  Plaintiff Estate of Glo H. Stewart is **dismissed** from this action.

6.  Plaintiff's Motion for Possible Removal of Alleged State Defendants to State Court and Challenge of City of Wen's Motion (Ct. Rec. 216) is **DENIED** as moot.

   **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs.

   **DATED** this 19th day of March, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Stewart\grant.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8**