# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES STEWART, WES MARTINSON, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY DISTRICT COURT, *et al.,*<br><br>Defendants. | NO. CV-05-256-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE** |

Before the Court is the remaining Defendants' Motion for Summary Judgment (Ct. Rec. 266). The motion was heard without oral argument. Plaintiffs did not file a timely response.

## BACKGROUND

On August 23, 2005, Plaintiffs filed suit against Adams County; Adams County District Court; Cashmere City Counsel members; City of Cashmere; Chelan County; Chelan County Commissioners; Chelan County District Court; Chelan County PUD # 1; Chelan County Prosecutor's Officer; Chelan County Sheriff's Office; Chelan County Superior Court; Police Officers for the City of East Wenatchee; Police Officers for the City of Quincy; Police Officers for the City of Wenatchee; Columbia County; Columbia County Sheriff; Douglas County; Douglas County District Court; Douglas County Sheriff's Deputies; Douglas County Superior Court; City of East Wenatchee; Franklin County; Franklin County District Court; Franklin County Sheriff; Grant County; Grant County District

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE ~ 1**

Court; Grant County Superior Court; Lincoln County; Lincoln County Sheriff Deputy; Municipal Court for the City of Quincy; City of Quincy; Walla Walla County; and the City of Wenatchee, as well as against individually-named employees of the above-listed entities. On September 19, 2005, the Court granted Plaintiffs leave to file an Amended Complaint. On October 4, 2005, Plaintiff filed an Amended Complaint. On November 21, 2005, the Court ordered Plaintiffs to file a Second Amended Complaint. On April 17, 2005, Plaintiffs filed a Second Amended Complaint.

On January 5, 2007, the Court granted the State Defendants' Motion for Summary Judgment and granted the City of Wenatchee and City Police Officers of City of Wentachee's Motion for Summary Judgment (Ct. Rec. 215). On March 19, 2007, the Court granted Lincoln County and Other Defendants' Motion for Summary Judgment; Public Utility District No. 1 of Chelan County's Motion for Summary Judgment; Defendants Adams County's and Adams County District Court's Motion for Summary Judgment; and Franklin County Defendants' Motion for Summary Judgment.

The remaining Defendants now move for summary judgment and dismissal of all claims asserted against them by the Plaintiffs.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.     Failure of Plaintiffs to Respond**

Plaintiffs failed to respond to the pending motions. Pursuant to LR 7.1(h)(5), a failure to timely file a memorandum of points and authorities in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. In this case, the Court has reviewed the merits of Defendants' arguments and concludes that summary judgment is appropriate.

**C.     The Remaining Defendants' Motion for Summary Judgment**

For the following reasons, the remaining Defendants' Motion for Summary Judgment is granted.

First, the individuals being sued in the action who are government officials are entitled to qualified immunity. Plaintiffs have not established that these individuals have violated clearly established constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 204 (2001).

Second, Plaintiffs have failed to establish that there is a genuine issue of

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE ~ 3**

material fact that certain claims against the Defendants occurred outside the statute of limitations period. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the limitation period for § 1983 claims is determined by the state statute of limitations; Wash. Rev. Code § 4.16.080 (3-year statute of limitations for personal injury)). Specifically, any personal injury allegation which occurred prior to August 23, 2002, is dismissed and any claims for false imprisonment that occurred prior to August 23, 2004, are dismissed.

Third, with regard to Defendants Columbia County and Columbia County Sheriff and unknown deputies, the Complaint fails to identify a single officer by name who may have come in contact with any of the Plaintiffs concerning any of the various allegations.

Fourth, all claims against any named and unnamed Superior Court and District Court judges are dismissed because these Defendants are entitled to absolute immunity. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). There is nothing in the record that indicates the court acted "in the clear absence of all jurisdiction." *Id.*

Fifth, Plaintiffs have failed to assert any allegations against Walla Walla County in their Complaint.

Finally, the section 1983 claims against the County Defendants are dismissed because Plaintiffs have failed to establish there is a genuine issue of material fact that any alleged constitutional violation was the result of a policy or custom. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

Moreover, Plaintiffs have failed to provide any factual support for any of their allegations against the remaining Defendants.

**D.   Supplemental Jurisdiction**

Because the Court concludes that Plaintiffs have failed to establish that a genuine issue of material exists regarding whether these Defendants violated their constitutional rights, the Court declines to exercise its supplemental jurisdiction

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE ~ 4**

over any remaining state claims. *See* 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment (Ct. Rec. 266) is **GRANTED**.

2. The claims against the following Defendants are dismissed: Chelan County, Columbia County, Douglas County, Walla Walla County, Chelan County Sheriff's Office, Chelan County Sheriff's Deputies Clyde Foreman, Lisa Sackman, Ron Martin, J.R. Winn, John Sanborn, Kevin Files, and "other unknowns", Douglas County Sheriffs' Deputies Button and McLeod, Columbia County Sheriff and "unknowns" Deputies, Chelan County Superior Court, Douglas County Superior Court, Chelan County Commissioners Buell Hawkins, Ron Walter, Keith Goehner, "and other past Commissioners, their corporation Officials, officers, representatives, agencies, Agents, employees," Chelan County Prosecutor's Office, Chelan County Prosecutor Gary Reisen, and Chelan County Deputy Prosecuting Attorneys Steven Funkerburk, Roy Fore, Susan E. Hinkle, Doug Shea, Lesley Allan, John Bridges, Joe Herron, Alicia Nakata, Brent Patterson, Kent Sisson, T.W. Small, Ron Walter, and Tom Warren,

3. The above-caption action is **DISMISSED** with prejudice.

4. The District Court Executive is directed to enter judgment in favor of the Defendants and against the Plaintiffs.

///

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE ~ 5**

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order, forward copies to counsel and Plaintiffs, and close the file.
3  **DATED** this 21st day of May, 2007.

4
5              *S/ Robert H. Whaley*
6              ROBERT H. WHALEY
               Chief United States District Judge
7
8
   Q:\CIVIL\2005\Stewart\grantdismss2.wpd
9

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND CLOSING FILE ~ 6**